Cornelius A. Donelan, Jr., and Jeanette F. T. Donelan v. Commissioner.
Donelan v. Commissioner
Docket No. 1846-70SC
United States Tax Court
T.C. Memo 1971-66; 1971 Tax Ct. Memo LEXIS 264; 30 T.C.M. (CCH) 278; T.C.M. (RIA) 71066; April 12, 1971, Filed Cornelius A. Donelan, Jr., pro se, 7490 S.W. 112th St., Miami, Fla.W. Reeder Glass, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency of $295.55 in petitioners' income tax for the taxable year 1967. There are two issues for decision. The first is whether petitioners are entitled to deductions under section 170 [1] for charitable contributions in excess of $95.00. The second question is whether petitioners are entitled to deduct from their 1967 income the amount of $241.80 which was expended by petitioner husband for draperies, and cooking and eating utensils. Findings of Fact Cornelius A. Donelan, Jr. (hereinafter referred to as Cornelius) *265 and Jeanette F. T. Donelan (hereinafter referred to as Jeanette), husband and wife, were residents of Miami, Florida at the time they filed their petition herein. They filed their joint Federal income tax return for 1967 with the district director of internal revenue in Richmond, Virginia. As of January 2, 1967, Cornelius was employed by United States Agency for International Development (hereinafter referred 279 to as AID). He was assigned to duty in Saigon, South Vietnam, and reported there on January 23, 1967. Jeanette, and petitioners' young son remained in the United States and resided in Annandale, Virginia. Cornelius resigned from his AID overseas position in November 1967, but remained an employee of AID for the rest of 1967. For approximately one month during May and June, 1967, petitioner was absent from Vietnam on leave. During 1967, Cornelius maintained a checking account at the Saigon branch of the Bank of America. The checks drawn on the account were numbered consecutively, and as of November 4, 1967, Cornelius had written 48 checks. The checkbook for this account was pocket sized and portable. While in Vietnam, Cornelius made charitable contributions to CARE *266 (Food For Peace) (hereinafter referred to as CARE). These contributions were in response to direct solicitations by CARE representatives in Saigon. Cornelius made all his contributions to CARE in the form of cash. Cash in this case meant either military payment certificates (MPC), which was the currency used by United States personnel in Vietnam in lieu of official United States money, or piasters, the official currency of the Republic of South Vietnam. Usually when a CARE representative solicited a contribution from Cornelius, he gave the representative MPC's, although on occasion piasters were used. The representative then converted the MPC's into piasters at an American run currency exchange and, together with Cornelius, traveled to the market in Saigon in Cornelius' jeep which had been supplied him by the United States Government. There Cornelius' contribution would be used to purchase foodstuffs. The food thus purchased was forthwith taken to an orphanage generally selected by the CARE representative. Cornelius would accompany the representative to make sure that the contribution found its way to an orphanage, and to provide transportation which, frequently, the CARE representative *267 did not have. By this method, Cornelius made contributions of between $60 and $75 in February or March, in June or July and again in October of 1967. He also made several other contributions throughout the year in smaller amounts. CARE preferred to receive these contributions in cash rather than by check because checks were not easily negotiated in the Vietnamese economy. On petitioners' 1967 Federal income tax return a deduction of $345 was taken for contributions to CARE. During the year in issue Cornelius made cash contributions to a unit of the American Red Cross which was located in a United States Army hospital in Saigon. Some of the contributions were to a fund that was used to buy shaving kits for wounded military personnel who had been admitted to the hospital. The balance of Cornelius' contributions to the Red Cross consisted of deposits made in a collection box. The funds so solicited were used to allow recently wounded American servicemen to call home by way of the telephone circuits the United States Government had installed in the Ministry of Post and Telecommunications in Vietnam, and inform their families as to their condition. It was necessary to have this fund *268 because the Vietnamese who were manning the United States installed switchboard insisted upon immediate payment for all phone calls. Part of Cornelius' duties with AID involved assisting in the installation of the switchboard in the hospital and testing it regularly. Consequently he usually went to the hospital once a week, and while there made an effort to contribute approximately $5. Prior to his taking one month leave in mid 1967, Cornelius made a point of contributing $15 to the Red Cross at the hospital. Petitioners deducted $210 on their 1967 return as having been contributed to the Red Cross in that year. During 1967 petitioners were members of the Ravensworth Baptist Church, Annandale, Virginia (hereinafter referred to as Ravensworth). Throughout 1967 Jeanette regularly attended services and taught Sunday school at Ravensworth. She was also the flower committee chairman during that period. In the course of the year, Jeanette always made cash contributions at services and at Sunday school. Additionally she would frequently purchase flowers for services because the church had insufficient funds, and she would also give small items such as soap to collections for missionaries. *269 Ravensworth utilized an envelope system as one method of receiving contributions from its members in 1967. Each member was supposed to receive, at the beginning of the church year, a packet of 52 envelopes, one for each Sunday in the year. Each envelope bore a common number which was assigned to a particular member of the church. A record would be kept of contributions placed in these envelopes and a quarterly statement would be sent to the 280 contributor by the financial secretary of the church. Ravensworth had no record of any contributions made in this manner by petitioners in 1967. However, since petitioners had moved around some, they had not received a set of envelopes, and in any event were opposed to the use of such a system whereby the church is provided with a means for checking on contributions and inducing larger ones. Jeanette did not keep a record of the contributions she made to Ravensworth in 1967. Petitioners deducted $270 as the total of their 1967 contributions to Ravensworth based on an estimate that Jeanette contributed $5 or $10 per week. In response to door-to-door solicitations, petitioners made cash contributions to some charities which are usually *270 associated with the United Givers Fund. Petitioners deducted $65 as having been contributed to the United Givers Fund in 1967. They also took a deduction of $25 for Christmas Seals, of which respondent has allowed $15. While stationed in Saigon in 1967, Cornelius resided in an apartment building owned by the United States Government. The apartment he occupied was not fully equipped, thus Cornelius purchased draperies, and eating and cooking utensils from his own funds. He spent a total of $241.80 on these items; $23.56 in cash, and $218.24 by check. The draperies and utensils were left behind when Cornelius departed from Vietnam. He later filed a claim with AID for reimbursement of the $241.80, but the claim was refused. This amount was included in a deduction of $930.80 taken on petitioners' 1967 return as "USAID recruitment expenses" the balance of which was allowed by respondent as cost of Cornelius' return trip from Vietnam. In a statutory notice dated February 17, 1970, respondent disallowed petitioners' deductions for contributions to CARE, the Red Cross, Ravensworth, United Givers Fund, and Christmas Seals for the reasons that the amounts claimed had not been substantiated, *271 and receipt by the putative donees had not been demonstrated. Additionally respondent disallowed Cornelius' $241.80 in apartment expenses on the grounds that the expenses were nondeductible personal or indirect moving expenses. Opinion We first address ourselves to the question of whether petitioners are entitled to deductions for charitable contributions in the amount claimed in 1967. [2] Both petitioners testified as to the contributions they made. This testimony leaves us satisfied that some contributions were made as alleged. However, petitioners did not keep complete or exact records of their contributions, and in their testimony they were only able to give estimates. Accordingly we must scrutinize the evidence tendered and resort to close approximation. Cohan v. Commissioner, 39 F. 2d 540, 543-544 (C.A. 2, 1930); Princess E. L. Lingham, T.C. Memo. 1967-228, affirmed per curiam, 410 F. 2d 754, (C.A. 2, 1969). After fully considering the record herein we decide that petitioners are entitled to the following deductions for charitable contributions in 1967 in addition to those allowed in the statutory notice: CARE (Food For Peace)
$250
American Red Cross
150
Ravensworth Baptist Church
200
United Givers Fund
25
Christmas Seals
Total
$625
*272 Next we turn to the question of whether petitioners are entitled to deduct expenses in the amount of $241.80 incurred by Cornelius in furnishing his apartment in Saigon. Petitioners have not made clear precisely on what legal basis they feel entitled to this deduction. Deductions are a matter of legislative grace, and petitioners, to sustain their claim, must bring themselves within some provision of the law which authorizes the deduction taken. Deputy v. Du Pont, 308 U.S. 488, 493 (1940), Milton Hart, 41 T.C. 131, 142 (1963). No provision of the Internal Revenue Code of 1954 has been pointed out to us which would authorize the deduction of these expenses in the circumstances of this case. Nor is any section available, rather the amount of $241.80 spent on drapes and utensils was part of Cornelius' 281 personal living expenses for 1967, [3] and was properly disallowed as a deduction from income for that year by *273 respondent. In accordance with the foregoing, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction. - (1) General rule. - There shall be allowed as a deduction any charitable contribution * * * payment of which is made within the taxable year. * * *↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩